### YATES *v.* McGAHEN.

1. FRAUDULENT CONVEYANCES—LACHES.

Complainant in a suit in aid of execution to set aside the conveyance executed by defendant to defendant's son in 1905, having obtained judgment in attachment commenced in 1907 upon an indebtedness incurred in 1903 and 1904, was not barred by laches; and the fact that the son had made improvements on the premises did not render the doctrine applicable, since the son participated in the fraud.

2. SAME.

Evidence that defendant's son had little or no property, that the consideration stated in the deed was $800, and was double the value of the land, that the conveyance was made soon after complainant demanded payment of the debt, that the son knew of it although he testified that he did not, *held*, to require the court to reverse a decree dismissing the bill and to enter a decree for complainant.

Appeal from Oceana; Sessions, J., presiding. Submitted November 2, 1912. (Docket No. 170.) Decided March 20, 1913.

Bill by Alonzo Yates against Clinton McGahen and Monroe McGahen for a decree in aid of execution. From a decree for defendants, complainant appeals. Reversed.

*F. E. Wetmore*, for complainant.

*Fred J. Russell*, for defendants.

BIRD, J.   The bill of complaint in this cause was filed to aid in the enforcement of an execution for $231.69 against the defendant Clinton McGahen. After a hearing the complainant was denied relief, and his bill dismissed.

It appears that in the years 1903 and 1904, when Clinton McGahen became indebted to complainant, he was

the owner of an 80-acre farm in Oceana county, upon which he lived with his wife and son, Monroe. In November, 1905, he conveyed 40 acres of the farm to the son. It is charged that this was done to defraud complainant out of his claim. The defendants deny any fraudulent intent on their part, and insist that the sale was made in good faith for a consideration of $800; and that the consideration was actually paid by the son.

There are several suspicious circumstances attending the sale and transfer of the 40 acres to the son, which tend to characterize the transaction as a fraudulent one, and it is our purpose to advert to some of them: (a) The elder McGahen knew, when he made the conveyance, that he was indebted to the complainant; and that he was conveying away the only property which he possessed that was not exempt from levy and sale upon execution. (b) Complainant called upon Clinton McGahen at his home on November 15, 1905, and urged him to make payment of his note. On the following day McGahen made the conveyance to his son. (c) The consideration named in the deed of the land was $800. This was shown to be double its market value. (d) The vendee of the land was a member of the family, and had little or no means with which to purchase it.

While these circumstances are not conclusive of the question they are very suggestive of fraud upon the part of those participating in the transfer. The defendant Monroe McGahen professed a lack of knowledge that his father was indebted to complainant, notwithstanding he had lived at home and had been present at least on one occasion when complainant called and requested payment of his note. A close reading of his cross-examination leads to the belief that he was fully informed of the transactions between his father and the complainant.

The chancellor who heard the case observed and commented upon the suspicious features of the transfer, but was of the opinion that defendants had overcome them by their proof; and he expressed the opinion that complain-

ant should be denied relief because of his laches in waiting nearly four years before attempting to enforce his claim. The debt seems to have been contracted in 1903 and 1904. The transfer was made in November, 1905. Attachment proceedings were begun and the land attached in September, 1907. The doctrine of laches could be invoked only in behalf of the son, who had made improvements upon the land transferred. Under our view of the case, he was an active party to the fraud, and there was no such delay as would entitle him to have that doctrine applied in his behalf.

The denials and explanations of the defendants have failed to convince us that no wrong was intended to the complainant. The case made by the complainant, aided as it is by the statute (3 Comp. Laws, § 10203, 5 How. Stat. [2d Ed.] § 12864), clearly entitles him to the relief which he seeks. The decree of the trial court, dismissing the bill, will be reversed, and the conveyance of the 40 acres will be vacated and set aside as to complainant's judgment with directions to the sheriff to proceed with the execution of his writ.

By stipulation of the parties, the decree in the trial court corrected the spelling of the names of the parties to the deed. As to this part of the decree, it will be affirmed.

The complainant will recover his costs in both courts.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, STONE, and OSTRANDER, JJ., concurred.